JOURNAL ENTRY AND OPINION
Defendant-appellant Gregory Smith appeals from his convictions following guilty pleas to the rape of a child under thirteen (R.C. 2907.02) and kidnapping a child for purposes of engaging in sexual conduct (R.C. 2905.01). Defendant claims the trial court erred in sentencing him contrary to law to the maximum prison terms to be served consecutively; that he received ineffective assistance of counsel; and that his sexual predator classification was unconstitutional. We find no error and affirm.
On April 2, 1998, at approximately 10:00 a.m., Cathy Rice and Colleen Allison, both age twelve, were walking on the sidewalk across from Heskett Middle School on Perkins Avenue in Bedford Heights, Ohio. As they walked, defendant and co-defendant Kenneth Walker approached in an automobile and stopped. The girls entered the vehicle.
Thereafter, defendant, Walker, Cathy Rice and Colleen Allison proceeded to Mr. Walker's home at 25250 Columbus Road, Bedford Heights, Ohio where the girls were served beer. Shortly after their arrival, defendant took Rice into a bedroom where they engaged in sexual activity during which defendant allegedly held her mouth shut, ignored her struggles and tears, pulled her underwear off and penetrated her.
Defendant was originally indicted on three counts of a five-count indictment. Counts four and five related to Mr. Walker. Count one of defendant's indictment was for the rape of a child under the age of thirteen, Cathy Rice, "by purposely compelling her to submit by the use of force or threat of force" (R.C.2907.02), with a sexually violent predator specification (R.C.2971.01 (I)). Counts two and three were for the kidnapping of Cathy Rice and Colleen Allison, respectively, both under the age of thirteen for the purpose of engaging in sexual activity (R.C.2905.01), with sexual motivation (R.C. 2971.01 (K)) and sexually violent predator (R.C. 2907.01 (I)) specifications.
On September 22, 1998, defendant pled guilty to an amended count one, deleting the "by purposely compelling her to submit by the use of force or threat of force" language from the body of the indictment and deleting the sexually violent predator specification. Defendant also pled guilty to an amended count three, deleting the sexual motivation and sexually violent predator specifications. Count two was dismissed. Also as part of the plea agreement, defendant stipulated to being a sexual predator for purposes of community notification and reporting.
At the plea hearing, the prosecutor read the charges and the amendments to be made pursuant to the agreed plea. She stated that both counts were first-degree felonies and listed the potential penalties for each offense. The prosecutor further expressed to the court that "no threats or promises have been made by any member of this department or the police department to induce the anticipated change of plea." Defense counsel then expressed to the court agreement with the prosecutor's recitation of the substance of the plea negotiations.
Subsequently, defendant acknowledged to the trial court that he understood everything that took place in his case, that he was not under the influence of alcohol or drugs, that his mind was clear, and that he was satisfied with the representation of defense counsel. Defendant further acknowledged to the court his understanding that the amended counts were felonies of the first degree carrying potential penalties of three to ten years and his understanding of his sexual predator stipulation. Defendant was then informed of the notification and registration requirements which accompany the sexual predator classification.
The trial court subsequently asked the defendant if he understood that by entering a plea of guilty, he was waiving his constitutional right to a trial by a jury or a judge, his right to cross-examine witnesses, his right to be proven guilty beyond a reasonable doubt and his right not to testify at trial. In response to each question, defendant stated "yes."
After the trial court questioned the defendant pursuant to Crim.R. 11, defendant pled guilty to amended counts one and three pursuant to the plea agreement. The trial court then found that defendant's plea was knowingly, voluntarily and intelligently made with a full understanding of his constitutional rights.
At defendant's October 13, 1998, sentencing hearing, the trial court again informed defendant of his duties as a sexual predator and defendant expressed his understanding. The prosecutor then informed the court that defendant's psychological report revealed that he had previously fathered twin boys with a thirteen-year-old girl and that he had a son with another girl who was between fifteen and sixteen years old. The prosecutor also informed the trial court of defendant's prior conviction for corruption of a minor which involved a thirteen or fourteen-year-old girl and his two domestic violence arrests in 1994 and 1995.
Before pronouncing sentence, the trial court acknowledged that it had read the pre-sentence investigative report, all of the letters from the family members and the victims, and the sentencing memorandum provided by defense counsel. The court stated that it considered all the factors in defendant's favor as required by law, including defendant's psychological report. The court then sentenced defendant as follows:
 COURT: I have considered all the mitigating factors, as well as the factors on either side.
 I do not find the Defendant to be amenable to community control, which is the first finding I have to make.
Secondly, we have to sentence on each count.
On the rape, ten years, Lorain Correctional Institute.
On the kidnapping, nine years Lorain Correctional Institute.
 This sentence is going to be necessary to both protect and punish the offender, not disproportionate to the conduct and danger he imposes.
 And I consider this harm to be so great and unusual, that a single term does not adequately reflect the seriousness of the conduct.
Therefore, they shall run consecutive to each other.
Credit for time.
Costs.
We are done.
(Tr. at 40-41)
Furthermore, in its journal entry, the trial court stated: "Defendant's criminal history and social history shows that consecutive sentences are needed to protect the public."
We will address defendant's assignments of error in the order asserted and together where it is appropriate for discussion.
I. APPELLANT'S SENTENCE ON COUNT THREE WAS CONTRARY TO LAW.
In his first assignment of error, defendant contends that count three should have been a second-degree felony instead of a first degree felony because of mitigating circumstances. We disagree, noting that defendant's plea was subject to a plea agreement between the State and defendant.
This Court in State v. Simmons (Feb. 27, 1997), Cuyahoga App. No. 69238, unreported, held that a knowing and intelligent guilty plea to an amended indictment waives any alleged error within that indictment on appeal. In Simmons, we stated:
 [I]t is also well settled that when a defendant enters a plea of guilty as part of a plea agreement, he waives all errors which may have occurred unless such errors are shown to have prevented defendant from entering a knowing, voluntary and intelligent plea. State v. Barnett (1991), 73 Ohio App.3d 244, 249, citing State v. Kelley (1991), 57 Ohio St.3d 127, paragraph two of the syllabus. See, also, State v. Hill (Feb. 4, 1993), Cuyahoga App. No. 61685 unreported (guilty plea waives a defendant's right to challenge error relating to the wording of the indictment).
See, also, State v. Childs (Dec. 3, 1998), Cuyahoga App. No. 73539 and 73540, unreported.
In State v. Hill (Feb. 4, 1993), Cuyahoga App. No. 61685 and 61686, unreported, this Court similarly stated that "[s]ince a counseled guilty plea thus waives a defendant's right to challenge his conviction on constitutional grounds, it must also operate as a waiver of any claimed errors on grounds relating to the wording of the indictments."
We find that by pleading guilty to the amended count three, defendant waived any right in questioning the validity of this indictment on appeal. The record reflects that the prosecutor set forth the terms of the plea agreement and defendant's counsel agreed. Defendant stated that he understood the consequences of entering a plea of guilty to the amended indictment, and that as part of the agreement, the sexual motivation and sexually violent predator specifications would be deleted. The trial court then proceeded to explain the amended terms of the indictment and the possible sentences for each count. When asked if he understood that the amended count three, kidnapping, was a felony of the first degree carrying a possible prison term of between three and ten years, defendant responded "Yes." The court then set forth defendant's constitutional rights and obtained responses from defendant which demonstrated that he understood and that he waived his rights pursuant to Crim.R. 11. Also, when asked by the court, defendant confirmed that his plea was made voluntarily. (Tr. at 14). The trial court then correctly accepted defendant's plea as voluntary, knowing and intelligent.
We find that during the plea negotiations and hearing, both parties stipulated that there was a factual basis to establish the amended charges, including first degree kidnapping. Accordingly, defendant's plea was voluntarily, intelligently and knowingly made and defendant waived any error in the amended indictment.
Assignment of Error I is overruled.
 II. THE TRIAL COURT ERRED WHEN IT CONSIDERED THE APPELLANT'S CONDUCT TO BE "THE WORST FORM OF THE OFFENSE" AND THEREBY SENTENCED HIM TO A PRISON TERM NOT CLEARLY AND CONVINCINGLY SUPPORTED BY THE RECORD.
 III. THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT TO THE MAXIMUM ALLOWABLE PRISON TERM.
In his second and third assignments of error, defendant asserts that the trial court erred in considering defendant's conduct to be the "worst form of the offense" and in sentencing him to the maximum allowable prison term. We find that the trial court's findings as set forth in the record are sufficient to comply with the statutory mandates of R.C. 2929.14(C).
Initially, we note that defendant was sentenced to consecutive sentences of ten years on the rape count and nine years on the kidnapping count. Both of these offenses were first degree felonies. Pursuant to R.C. 2929.14(A)(1), the prison term for a felony of the first degree shall be three, four, five, six, seven, eight, nine, or ten years. Because defendant was only sentenced to nine years on the kidnapping count, he was not given the maximum allowable prison term on that count. However, defendant was given the maximum ten year term on the rape count.
In imposing a maximum sentence, the trial court must follow R.C. 2929.14(C) which states:
 The court imposing a sentence upon an offender for a felony may impose the longest term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders * * *
The Supreme Court in State v. Edmonson (1999), 86 Ohio St.3d 324, recently addressed the principles governing the minimum and maximum sentences. Relevant to the case before us, the Court stated that "in order to lawfully impose the maximum term for a single offense, the record must reflect that the court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." Id. at 329. In so holding, the Court vacated a sentence even though the trial court stated that it found the defendant to be a "dangerous offender and you to commit a crime again [sic]. This was a terrible incident with a person who has [sic] a gun." The trial court in that case had also stated in its journal entry:
 The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12.
 The Court further finds that [Edmonson] is a dangerous offender, that recidivism is likely, and that a gun was used during this incident.
The Supreme Court concluded that:
 [T]he Edmonson sentencing fails to record that Edmonson fits within one of the categories of offenders in R.C. 2929.14(C). Obviously, without the finding itself, the court also fails to provide the necessary "finding that gives its reasons." R.C. 2929.19(B)(2)(d) With this record, we cannot confirm that the trial court heeded the enacted policy of the General Assembly meant for curtailing the imposition of maximum terms.
Id. at 329.
In the case before us, the trial court, unlike in Edmonson, did sufficiently cite to one of the categories listed in R.C. 2929.14
(C). The trial court stated:
These are little girls. These are little girls.
 There are reasons for heavy sentences in cases like this. Because the legislature has decided that these are some of the worst forms of crimes that can be submitted because they're [in] capable of making those decisions themselves.
(Tr. at 39). The court subsequently imposed the maximum term on the rape count.
We find that the above language used by the trial court constitutes a sufficient finding on the record that the trial court considered defendant's rape offense against a twelve-year-old girl to be one of the "worst forms of the offense" as required in R.C. 2929.14 (C). The court had evidence that showed the defendant picked up the twelve-year-old victims in front of their middle school; he took them to Mr. Walker's home; he served them beer; he then took Ms. Rice into a bedroom where he held her mouth shut, ignored her struggles, pulled her underwear off and penetrated her. The record sufficiently reflects that the trial court considered the nature of these offenses committed against a "little girl" to be one of the "worst forms" of rape as required by R.C. 2929.14(C). Therefore, we affirm the trial court's imposition of the maximum ten-year term for defendant's rape count.
Assignments of Error II and III are overruled.
 IV. THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE APPELLANT'S LIKELY FUTURE CONDUCT WAS SUFFICIENT TO WARRANT CONSECUTIVE SENTENCES.
In his fourth assignment of error, defendant asserts that the trial court erred in imposing consecutive sentences. We disagree.
R.C. 2929.14 governs the imposition of prison terms for felony convictions, stating in relevant part:
 (E)(4) If multiple prison terms are imposed upon an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
This Court in State v. Albert (1997), 124 Ohio App.3d 225, 230
found that the trial court must explicitly engage in the analysis set forth in the statute when ordering consecutive sentences:
 R.C. 2929.14 requires the court to make a finding that the consecutive sentences are necessary to protect the public from future crime or to punish the offender and that such consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger posed to the public and that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the conduct. Because this was not done in this case, we remand the matter to the trial court for re-sentencing of the appellant and the inclusion of such a finding if the court, in its discretion, decides to impose consecutive sentences in this matter.
See, also, State v. Cardona (Dec. 16, 1999) Cuyahoga App. No. 75556, unreported (according to State v. Edmonson trial court must make a record at the sentencing hearing that confirms trial court adhered to decision-making process required of the statute in imposing consecutive sentences.)
In the instant case, the record reflects that the trial court found that "[t]his sentence is going to be necessary to both protect the public and punish the offender, not disproportionate to the conduct and danger he imposes." The court further found that it considered "this harm to be so great and unusual, that a single term does not adequately reflect the seriousness of the conduct." (Tr. at 40). The trial court then imposed consecutive sentences.
We find that the trial court sufficiently expressed in the record its adherence to the statutory requirements of R.C.2929.14 (E) before imposing consecutive sentences. We also find that the trial court had sufficient evidence to impose consecutive sentences. There was evidence that defendant served the twelve-year-old victim beer and penetrated her against her struggles while holding her mouth shut. It was also revealed to the trial court that defendant had previously been convicted of corrupting another thirteen or fourteen-year-old girl. There was sufficient evidence to support consecutive sentences. Therefore, we affirm the trial court's imposition of consecutive sentences in the instant case.
Assignment of Error IV is overruled.
 V. APPELLANT WAS SUBJECT TO THE INEFFECTIVE ASSISTANCE OF COUNSEL AT THE TRIAL LEVEL.
In his fifth assignment of error, defendant asserts that he was denied the effective assistance of counsel when defense counsel allowed him to plead guilty to a first degree felony kidnapping charge. We disagree.
It is well established that a plea of guilty waives the right to claim that the defendant was prejudiced by ineffective assistance of counsel, except to the extent that the defects complained of caused the plea to be less than knowing and voluntary. State v. Spates (1992), 64 Ohio St.3d 269, 272-273;State v. Kelley (1991), 57 Ohio St.3d 127, 129; State v. Barnett
(1991), 73 Ohio App.3d 244, 248; State v. Harris (Jan. 30, 1997), Cuyahoga App. No. 70462, unreported. Thus, in order to prove a claim of ineffective assistance of counsel in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hillv. Lockhart (1985), 474 U.S. 52, 59, 106 S.Ct. 366, 370,88 L.Ed.2d 203.
In the instant case, the record reflects that the original indictment included the risk of two mandatory life sentences without the possibility of parole on the rape count. Through plea negotiations, defense counsel negotiated a significant reduction from the original indictment, thereby guaranteeing that defendant would not receive life imprisonment.
Based on these facts, defendant cannot establish that he was prejudiced by counsel's performance. It is clear that defendant gained a significant benefit from defense counsel's plea negotiations. Accordingly, defendant cannot establish that "but for" counsel's actions, he would not have pled guilty and would have gone to trial facing a possible life sentence without parole. We find that defendant's claim of ineffective assistance of counsel must fail.
Assignment of Error V is overruled.
 VI. THE TRIAL COURT'S CLASSIFICATION OF APPELLANT AS A SEXUAL PREDATOR PURSUANT TO O.R.C. § 2950.01 ("MEGAN'S LAW") VIOLATES § 1, ARTICLE 1 OF THE OHIO CONSTITUTION.
In his sixth assignment of error, defendant asserts that Ohio's sexual predator statute, R.C. 2950.01, violates his right to privacy in violation of Section 1, Article I of the Ohio Constitution. We disagree.
This Court has previously upheld the constitutionality of R.C. 2950 by finding that it is not an unreasonable infringement upon the right to privacy. State v. Ward (1999), 130 Ohio App.3d 551. In Ward, this Court held that "no infringement on defendant's right to privacy is implicated by the notification provisions of R.C. Chapter 2950."
Furthermore, in State v. Cook (1998), 83 Ohio St.3d 404, 413, the Ohio Supreme Court stated:
 This court is not blind to the effects of the notification provisions of R.C. Chapter 2950. Offenders may become ostracized from society and even experience harassment. However, "an allegation that government dissemination of information or government defamation has caused damage to reputation, even with all attendant emotional anguish and social stigma, does not in itself state a cause of action for violation of a constitutional right; infringement of more "tangible interests' must be alleged as well." (Citation omitted). Borucki v. Ryan (C.A.1, 1987), 827 F.2d 836, 842-843. Further, "[t]he harsh consequences [of] classification and community notification come not as a direct result of the sexual offender law, but instead as a direct societal consequence of [the offender's] past actions." State v. Lyttle (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported, 1997 WL 786216.
 As to the dissemination of information regarding the offender's status, a conviction has always been public record. The General Assembly struck a balance between the privacy expectations of the offender and the paramount governmental interest in protecting members of the public from sex offenders. * * *
Accordingly, we find that R.C. 2950 does not infringe on defendant's privacy rights under Section 1, Article I of the Ohio Constitution. Defendant's right to privacy claim must fail.
Assignment of Error VI is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, P.J., and SPELLACY, J., CONCUR.
 ________________________ JAMES M. PORTER JUDGE